# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-9139 FMO (PLAx) | Date | February 18, 2020 |
| Title | Pedro Hernandez v. Synchrony Bank, et al. | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**     (In Chambers) Order Re: Dismissal for Lack of Prosecution

       On December 30, 2019, the court granted defendant's motion to dismiss plaintiff's second amended complaint ("SAC") based on plaintiff's failure to oppose defendant's motion. (See Dkt. 52, Court's Order of December 30, 2019). The court dismissed the SAC with leave to amend, (see id. at 2), and ordered plaintiff to file a third amended complaint ("TAC") no later than January 9, 2020. (See id.). Plaintiff was admonished that failure to timely file an amended complaint could result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. (See id.) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). Plaintiff failed to file a TAC by the January 9 deadline. (See, generally, Dkt.). The court then issued an Order to Show Cause Re: Filing Third Amended Complaint on January 21, 2020, reminding plaintiff of his obligation to file a TAC. (See Dkt. 56, Court's Order of January 21, 2020). In this order, the court granted plaintiff until February 3, 2020, to file a TAC. (See id.). Nevertheless, as of the date of this Order, plaintiff has not filed a TAC. (See, generally, Dkt.).

       A district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30, 82 S.Ct at 1388. Moreover, a district court may dismiss a plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[1] when plaintiff fails to amend the complaint or file a notice of intent not to amend the complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (reversing dismissal of action when plaintiff timely filed a notice of intent not to amend); Yourish v. California Amplifier, 191 F.3d 983, 989 (9th Cir. 1999) (affirming dismissal for failure to file an amended complaint or notice of intent); Ferdik, 963 F.2d at 1261 (same). In other words, "[t]he failure of the plaintiff eventually to respond to the

---

[1] All "Rule" citations refer to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9139 FMO (PLAx) | Date | February 18, 2020 |
|---|---|---|---|
| Title | Pedro Hernandez v. Synchrony Bank, et al. | | |

court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal." Edwards, 356 F.3d at 1065.

In determining whether to dismiss plaintiff's action pursuant to Rule 41(b), the court considers the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute. Here, plaintiff was twice warned that dismissal was imminent if he did not file a TAC. See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."); (Dkt. 52, Court's Order of December 30, 2019, at 2) ("Plaintiff is cautioned that failure to timely file a Third Amended Complaint may result in this action being dismissed without prejudice[.]"); Dkt. 56, Court's Order of January 21, 2020) ("Plaintiff is cautioned that failure to timely file a Third Amended Complaint or Notice of Intent may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order."). Moreover, in addition to plaintiff's noncompliance with the Court's Orders of December 30, 2019, (Dkt. 52), and January 21, 2020, (Dkt. 56), plaintiff has not otherwise communicated with the court to advise as to why plaintiff has not or will not file a second amended complaint. See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("When a district court dismisses an action because the plaintiff has not filed an amended complaint after being given leave to do so and has not notified the court of his intention not to file an amended complaint, we may deem the dismissal to be for failure to comply with a court order based on Federal Rule of Civil Procedure 41(b).").

Based on the foregoing, IT IS ORDERED THAT the above-captioned case is **dismissed without prejudice**. Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |